*224 O’Donnell, J.,
dissenting.
{¶ 29} Respectfully, I dissent.
{¶ 30} In my view, the Crawford County Department of Job and Family Services (“agency”) did not comply with Ohio Adm.Code 5101:2 — 42—05(E)(1) by selecting a substitute care setting that “[i]s considered the least restrictive, most family-like setting available to meet the child’s emotional and physical needs.” “The home of a suitable relative” is the least restrictive setting, Ohio Adm.Code 5101:2-42-05(F)(l), and here, in my view, the agency failed to show that Jody J., the great aunt of A.J., is an unsuitable relative.
{¶ 31} The agency based its finding of unsuitability on an allegation of child endangering that was more than a decade old and on Jody’s lack of income at the time of her home study. The majority correctly concludes the child endangering charge did not preclude placement with Jody, see Ohio Adm.Code 5101:2-42-18(H), but finds “the record indicates that Jody’s lack of income excluded her as a relative substitute caregiver for A.J.,” majority opinion at ¶ 26.
{¶ 32} Here, however, the majority failed to consider that Ohio Adm.Code 5101:2^12-18 contemplates that a relative may be suitable to care for a child but may require financial or other assistance. Division (B)(4) of the regulation mandates that prior to placing a child with a relative substitute caregiver, the agency shall “[pjrovide the prospective caregiver with known information regarding educational, medical, child care, and special needs of the child including information on how to access support services to meet the needs of the child.” In addition, division (B)(5) mandates that prior to placement, the agency provide the prospective caregiver with information on how to apply for Ohio Works First child-only financial assistance and Medicaid coverage and for certification as a foster caregiver and information on the requirements for foster caregiver certification, the difference in payment between an Ohio Works First child-only payment and the foster care per diem, and any difference in eligibility for supportive services.
{¶ 33} This record is silent about whether the agency gave this information to Jody, and it contains no information about her assets or employment history or prospects aside from the fact that she may have a teaching license. The only information in the record about Jody’s financial situation is that she had no income at the time the agency conducted the home study. That fact, standing alone, does not demonstrate Jody is unsuitable to care for A.J.
{¶ 34} Accordingly, the record does not demonstrate that the agency complied with Ohio Adm.Code 5101:2-42-05(E)(l), and thus, the court of appeals erroneously concluded that the testimony presented at the permanent custody hearing “established an appropriate basis for rejecting [Jody] as a relative caregiver.” 3d *225 Dist. Crawford No. 3-15-12, 2016-Ohio-248, 2016 WL 363377, ¶ 42. Therefore, I would reverse the judgment of the court of appeals, vacate the judgment of the trial court granting permanent custody to the agency, and instruct the trial court to order a new home study where the agency can evidence its compliance with Ohio Adm.Code 5101:2 — 42—05(E)(1) and make an appropriate placement consistent with the Ohio Administrative Code.
Starkey and Stoll, Ltd., and Geoffrey L. Stoll, for appellant.
Matthew Crall, Crawford County Prosecuting Attorney, and Michael J. Wiener, Assistant Prosecuting Attorney, for appellee Crawford County Job and Family Services.
Kennedy, J., concurs in the foregoing opinion.